PATRICK T. COLLINS, ESQ.- 2022
NORRIS, MCLAUGHLIN & MARCUS, P.A.
721 Route 202-206, Suite 200
Bridgewater, New Jersey 08807
(908) 722-0700
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| MUNZING NORTH AMERICA, LLC,<br><br>Plaintiff,<br><br>v.<br><br>MANAGED BENEFIT PLANS, INC., JOANNE FILARDO, WILLIAM BOUDREAU, and JOHN DOES 1-10,<br><br>Defendants. | **CIVIL ACTION NO:**<br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiff, Munzing North America, LLC, a New Jersey limited liability company, with offices at 1455 Broad Street, Bloomfield, New Jersey 07003, by way of Complaint against the defendants, alleges the following:

### INTRODUCTION

1. Plaintiff, the sponsor of a health insurance plan which includes employee Flexible Spending Accounts, Health Reimbursement Accounts and self insured dental and vision plans (collectively the "Plan"), brings this civil enforcement action under Section 502(a) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a) to recover losses to the Plan for which defendants, as fiduciaries, are liable pursuant to Sections 409, 29 U.S.C. § 1109 and 502(a)(3), 29 U.S.C. § 1132(a)(3) of ERISA.

2. Plaintiff claims arise under and pursuant to ERISA Section 502(a), 29 U.S.C. § 1132(a).

3. This Court has jurisdiction over this action pursuant to ERISA Section 502 (3)(1), 29 U.S.C. § 1132(e)(1).

4. Venue is proper in the District pursuant to ERISA Section 502 (e)(1), 29 U.S.C. § 1132 (e)(2) because this is a District where the Plan was administered, where breach of fiduciary duty took place and/or where one or more defendants reside or may be found.

## PARTIES

5. Plaintiff, Munzing North America, LLC is an employer which provides to its employees certain health insurance benefits.

6. Defendant, Managed Benefit Plans, Inc. ("MBP") is a corporation doing business in New Jersey with a place of business at 3 Red Maple Lane, Flanders, New Jersey 07836. MBP is in the business of providing third party administration services of health care plans for employers.

7. Defendant, Joanne Filardo at all times relevant herein, was MBP's President.

8. Defendant, William Boudreau, at all times relevant herein, was MBP's Chief Executive Officer.

9. Defendants Filardo and Boudreau are married to each other and reside at 3 Red Maple Lane, Flanders, New Jersey 07836.

10. Upon information and belief, at all times relevant herein, defendants Filardo and Boudreau were fiduciaries within the meaning of ERISA, because they

2

exercised discretionary authority or discretionary control with respect to the management of Plan assets, they possessed discretionary authority or discretionary responsibility in the administration of the Plan, and they exercised authority or control with respect to the disposition of the Plan's assets.

11. At all times relevant to this Complaint, the Plan which plaintiff sponsored for its employees was an employee welfare benefit plan within the meaning of ERISA Sections 3(3) and 3(1), 29 U.S.C. §§ 1002(3) and 1002(1).

## FACTUAL BACKGROUND

12. From January 2008 through January 2013 defendant MBP acted as the third party administrator for the Plan, under a pre-funded claims method. Plaintiff would send lump sum payments by check to MBP which MBP then deposited in its own bank account. MBP then used this account to pay plaintiff's employees for claims under the Plan. When the balance of this account got low, plaintiff would send MBP additional checks to replenish the account. The outstanding balance of the account was reconciled at the end of each month.

13. In the late Spring/Summer of 2012 plaintiff began to experience check processing problems with MBP. MBP attributed these problems to computer server upgrades. The problems included delays in processing Plan claims. These problems were attended to by defendants Filardo and Boudreau as managers of the MBP accounts which held plaintiff's Plan funds.

14. From September through December 2012 the problems associated with defendants third party administrative services deteriorated rapidly. Defendants Filardo and Boudreau continued to explain that computer problems were causing delays in

administration of the Plan. In fact, several batches of checks issued to plaintiff's employees for their claims under the Plan could not be cashed.

15. Plaintiff's employees continued to experience problems with check processing delays and checks bouncing due to insufficient funds. In January, 2013 Defendant Filardo advised plaintiff that because of these problems, MBP would no longer manage plaintiff's Plan funds from MBP's bank account and that plaintiff was to begin managing its own bank account for the Plan beginning February 2013.

16. Any funds remaining in MBP's bank account after January 31, 2013 were to be refunded to plaintiff. During the month of January 2013, MBP continued to process Plan checks from its bank account.

17. In mid to late February, 2013, defendant Boudreau advised plaintiff for the first time that the MBP bank account was hacked into and all funds had been removed. As a result, all of the January, 2013 Plan checks issues by MBP and any 2012 Plan checks not cashed yet, were not able to be cashed and could not clear the MBP bank account.

18. Since being advised that the MBP bank account was hacked into and all funds removed, plaintiff has had multiple conversations and communications with defendants in which defendants assured plaintiff that Defendants were working with their bank to resolve the issue and recapture all of plaintiff's funds. Plaintiff sent defendants spreadsheets, other supporting documentation and requests for defendants to reconcile their account and confirm the balance owed to plaintiff. Defendants repeatedly assured plaintiff both verbally and in writing that defendants would refund to plaintiff all funds owe to it. Despite these assurances and numerous follow-up requests,

defendants have failed to provide any reconciliation or repay any of the monies owed to plaintiff. In April 2013, plaintiff began using another third party administrator for its Plan and the services of defendants were terminated. To-date, the outstanding balance owed to plaintiff has grown to over $27,850.00.

## CAUSE OF ACTION

19. Pursuant to ERISA Section 404(a), 29 U.S.C. § 1104(a), at all times relevant to this Complaint, defendants had a duty to discharge their duties with respect to the Plan with the care, skill, prudence and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and of like aims and to act in a manner so as to minimize the risk of losses.

20. Defendants' negligence, incompetence and failure to exercise proper control over these funds caused the Plan to incur losses. Defendants are responsible for the losses in the Plan as defendants failed to the necessary required steps to ensure that the Plan funds would be safeguarded.

21. Defendants are responsible for the losses caused to the Plan by their negligence, incompetence, and failure to properly safeguard the Plan funds. Had the defendants properly discharged their fiduciary duties to the Plan, the Plan would have avoided these losses that were caused by defendants' actions.

22. Pursuant to ERISA Section 502(a), 29 U.S.C. § 1132(a) and ERISA Section 409, 29 U.S.C. § 1109(a), defendants are liable to restore the losses to the Plan caused by their breaches of fiduciary alleged in this Complaint.

## REMEDY FOR BREACHES OF FIDUCIARY DUTY

23. Section 409 of ERISA requires "any person who is a fiduciary. . . who breaches any of the . . . duties imposed upon fiduciaries . . . to make good to such plan any losses to the plan . . . " Section 409 also authorizes "such other equitable and remedial relief as the court may deem appropriate . . . ". Plaintiff, as sponsor of the Plan, is therefore entitled to relief from the defendants in the form of "(1) a monetary payment to the Plan to make good to the Plan the losses to the Plan resulting from the breaches of fiduciary duties alleged above and as provided by ERISA Section 409 (a), 29 U.S.C. § 1109(a); (2) losing attorney's fees and expenses as provided by ERISA Section 502(g), 29 U.S.C. § 1132(g) and other applicable law; (3) taxable costs; (4) interest on these amounts as provided by law; and (5) such other legal and equitable relief as it may be just and proper.

24. Each defendant is jointly liable for the acts of the other defendants as co-fiduciaries.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for:

(A) Actual monetary damages in the amount of losses the Plan suffered;

(B) Cost pursuant to 29 U.S.C. § 1132(g);

(C) Attorney's fees pursuant to 29 U.S.C. § 1132(g); and

(D) Such other relief as the court may deem just and proper.

## JURY DEMAND

A trial by jury is hereby demanded on all claims.

NORRIS, MCLAUGHLIN & MARCUS, P.A.
Attorneys for Plaintiff

Date: September 30, 2013

By: _____
PATRICK T. COLLINS